MOANANU LIUONE (M) of Pavaiai'i,
Plaintiff

v.

TAUVALE (F) of Pavaia'i,
Defendant

No. 248-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

October 1, 1965

——————

Moananu Liuone, *pro se.*
Fofo, Counsel for Defendant.

### OPINION OF THE COURT

ROEL, *Associate Justice.*

Came on to be heard the above-entitled and numbered cause wherein Plaintiff, Moananu Liuone, on September 13, 1965 filed a petition for mandatory injunction against the Defendant Tauvale, seeking to prevent the Defendant from planting flowers and coconut trees which the Plaintiff claimed could block his way of ingress and egress into his house.

All the three Judges of the Court viewed the land in question in the presence of the interested parties on September 27, 1965.

We will not set out in detail all the testimony and the evidence brought to light at the time since it is all a part of the record.

The testimony of the Plaintiff revealed that he had lived behind Defendant's property since 1960; that before he built his house he, the Plaintiff, sought permission from the Defendant to have four loads of materials to build his house, and that the Defendant granted said permission;

that the Plaintiff is living in Tua land and not the Defendant's land; that the Plaintiff has never owned a car since living behind Defendant's property and does not own one now; that the Plaintiff's house is situated between 100 and 200 feet from the edge of the highway; that over the past five years the Defendant on a few occasions has permitted Plaintiff to be driven over her land to Plaintiff's house.

The Plaintiff testified that he has driven over Defendant's land only very seldom. Plaintiff insists that the flowers and trees the Defendant has planted all along her yard facing the road should be removed because he is old and blind and it interferes with his right to get to his house from the road in an automobile. The Plaintiff admits that the land in question is definitely the property of the Defendant.

The only witness other than himself produced by the Plaintiff testified that the Defendant had given Plaintiff permission to go over her land only to carry the four loads of building materials for Plaintiff's house.

The Defendant testified that she was the owner of the land in question and had lived there all her life, 53 years, and that her parents lived there before her. She further testified that in 1960 she had given the Plaintiff permission to have vehicles go through her land only to carry the four loads of building materials; that there was an access public road to Plaintiff's house other than through her land; that until recently cars going to Plaintiff's house used Haleck's land west of the theater, but that a fence had recently been erected by Haleck to prevent passage of vehicles.

The Defendant testified that she was trying to beautify her property facing the highway; that all her property is planted with a grass lawn; that there were some family graves on the land through which plaintiff wanted to drive vehicles; that in order to keep her property looking nice

she allows no behicles [sic], not even her own family's, on the land in question; that there is ample room between the edge of the highway and her garden—about 25 to 30 feet—for vehicles to park; and that she has never refused Plaintiff permission to *walk* over her property to get to his house, and that she is always willing to consent to passage of vehicles over her property in case of emergency.

In viewing the land the Court observed that the front lawn of Defendant's property is well kept and that the additional flowers and trees she has recently planted will greatly enhance the beauty of the property. Further, the Court found no signs that there were any vehicle tracks to indicate that the Plaintiff had created a permissive or prescriptive easement to operate vehicles over the Defendant's land. The Court further finds that the walking distance from the edge of the road to the Plaintiff's house is very short and is of no or little inconvenience to the Plaintiff, and that the allowing of vehicles to run over Defendant's land would greatly damage and detract from the beauty of Defendant's property and desecrate the burial places thereon.

After considering the testimony, the evidence, and the argument of counsel for both sides, as well as the information gained by the Court when he viewed the land, it is the unanimous opinion of this Court that the Plaintiff, Moananu Liuone, failed to prove by the preponderance or the greater weight of the evidence that he was entitled to the mandatory injunction he sought against the Defendant. It is further the unanimous opinion of this Court that Plaintiff's petition for injunction be and the same is hereby denied and dismissed.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that the plaintiff's petition be, and the same is hereby denied and dismissed.

Court costs in the amount of $10.00 to be paid by Plaintiff, Moananu Liuone within 30 days.

Done this 1st day of October, 1965.